# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| **DAVID SALZMAN**, an individual, and **SONIA SALZMAN**, an individual, | : | |
| | : | |
| **Plaintiffs,** | : | |
| **vs.** | : | |
| **TERRY HENDERSON**, an individual, **SHAUNNA HOOD**, an individual, and **DOES 1 THROUGH 10,** | | Civil No. 2:07-cv-00854 |
| **Defendants.** | | **MEMORANDUM DECISION & ORDER** |
| **J. THOMAS BOWEN**, as conservator for **TERRY HENDERSON**, an individual, | | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| **Counterclaimant,** | | **DISTRICT COURT JUDGE CLARK WADDOUPS** |
| **vs.** | | |
| **DAVID SALZMAN**, an individual, and **SONIA SALZMAN**, an individual, | | |
| **Counterclaim Defendants.** | | |

Through their currently pending motion, Plaintiffs move to compel production of

specific documents, collectively referred to as the "Withheld Rametta Documents."[1] Plaintiffs contend that the work product doctrine does not apply to the withheld documents and they should be produced immediately.  In the alternative, Plaintiffs request that Mr. Joe Rametta be stricken from testifying as a fact witness at trial.

On December 9, 2009, the Court heard oral arguments on Plaintiff David and Sonia Salzmans' "Motion To Compel Production Of Documents RE: Joe Rametta Or, In The Alternative, To Strike Joe Rametta As A Witness."[2]   Attorney Jefferson Gross was present on behalf of the Plaintiffs, and attorneys David Jordan and David Mortensen were present on behalf of Defendants.  At the conclusion of the hearing, the Court took the matter under advisement.  Now, after consideration of the parties' arguments along with the relevant legal authorities, the Court rules as stated herein and, at this juncture, denies Plaintiffs' motion without prejudice.

I.  Arguments

In January 2006, Defendants retained Mr. Joseph Rametta, a licensed general contractor, doing business in Summit County, Utah.[3]  The initial purpose of Mr. Rametta's retention is disputed.  While Defendants argue that Mr. Rametta was hired as both a consulting expert and to make repairs on the property,[4]  Plaintiffs contend that

---

[1] The documents include Bates Nos.: RAM0075-RAM0076, RAM0077-RAM0079, RAMPRIV0004-RAMPRIV0009, RAMPRIV0010-RAMPRIV0011, RAMPRIV0013-RAMPRI0015 and HPRIV0043-HPRIV0046.

[2] Docket No. 150.

[3] Plaintiffs' Memorandum In Support, pg. 3; Docket No. 151.  Defendants' Memorandum In Opposition, pg. 3; Docket No. 160.

[4] Defendants' Memorandum In Opposition, pg. 3; Docket No. 160.

Mr. Rametta's engagement was solely as a consulting expert, and his designation as a fact witness was not revealed until Defendants submitted their Initial Disclosures.[5]

Relying upon Rule 26,[6] Plaintiffs argue that the work product doctrine applies to Mr. Rametta only as a consulting expert who is not expected to be called as a witness at trial.  However, because Defendants intend to call Mr. Rametta as a fact witness at trial the doctrine's protection no longer applies.[7]  Defendants, on the other hand, argue that Mr. Rametta may serve a dual-role as both a consulting expert and as a fact witness.  Defendants assert they have produced all documents related to Mr. Rametta's work on the property, and any remaining documents are protected as they relate to Mr. Rametta's role as a consulting expert.[8]

II.  Issues

The current dispute involves the aptly named "two hats" issue which arises when an expert is dually designated as both a litigation consultant and a testifying witness. While case law establishes that dual designation is permissible, the law is less clear on what information must be disclosed and what information remains protected.   Under such circumstances, "courts are forced to grapple with what must be disclosed 'when

---

[5]Plaintiffs' Memorandum In Support, pg. 4; Docket No. 151.

[6]Federal Rules of Civil Procedure 26(b)(4)(B) states in relevant part: "Ordinarily, a party may not, by interrogatories or depositions, discover facts held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."

[7]Plaintiffs' Memorandum In Support, pg. 7; Docket No. 151.

[8]Defendants' Memorandum In Opposition, pg. 7-8; Docket No. 160.

an expert alternately dons and doffs the 'privilege hat' of a litigation consultant and the 'non-privilege hat' of the testifying witness.'"[9]  Generally, an individual may still "assert a privilege over such materials, but only over those materials generated or considered uniquely in the expert's role as consultant."[10]   However, by allowing the privilege to remain concerns of selective disclosure abound.  Additionally, courts must be aware of any party attempting to use the privilege as a sword while at the same time invoking the doctrine "as a shield to prevent disclosure of the same or related materials."[11]

Numerous courts have taken an objective approach to the issue, focusing not on the specific "hat" that the witness is wearing, but on the subject matter of the documents themselves.  Under such an approach, the appropriate test for disclosure "is not what function the expert was ostensibly serving when he reviewed or generated the particular documents in question.  Rather, the test must be whether the documents reviewed or generated by the expert could reasonably be viewed as germane to the subject matter on which the expert has offered an opinion."[12]  Adopting an objective test ultimately avoids the problem of having to "probe the subjective mental processes" of an expert to discern exactly what documents were considered while wearing a particular

---

[9]Employees Committed For Justice v. Eastman Kodak Company, 251 F.R.D. 101, 104 (W.D.N.Y. 2008)(quoting, S.E.C. v. Reyes, 2007 U.S. Dist. LEXIS 27767)).

[10]Id.

[11]  B.H. v. Gold Fields Mining Corp., 239 F.R.D. 652, 658 ( N.D. Okla. 2005) (citing, In re Commercial Financial Services In., 247 B.R. 828, 846 n.21 (Bankr. N.D.Okla. 2000); In re Kidder Peabody Securities Litigation, 168 F.R.D. 459, 472-73 (S.D.N.Y 1996)).

[12] Oklahoma v. Tyson Foods Inc., 2009 WL 1578937 (N.D. Okla. 2009).

"hat."[13]

III.  Application & Analysis

As an initial matter, having reviewed the deposition of Mr. Thomas Bowen, the Court finds that Defendants did inform Plaintiffs of Mr. Rametta's engagement to conduct "work" on the property thereby disclosing Mr. Rametta's "dual role" as both a consulting expert and an individual employed to conduct work on the property.[14]

That said, however, it is clear that Mr. Rametta's designation is not as a simple fact witness.  Instead, his factual observations of the property and the dispute related thereto are clearly "filtered through the prism of his expertise."[15]  Consequently, the Court is faced with the challenge of allowing appropriate disclosures while providing work product protection given the "two hats" which Mr. Rametta seeks to wear.   In an attempt to balance legitimate privileges while guaranteeing Plaintiffs timely access to

---

[13]Employees Committed For Justice v. Eastman Kodak Co., 251 F.R.D.101, 104-105 (W.D.N.Y. 2008)(italics omitted)(citing, Euclid Chem Co. v. Vector Corrosion Techs., Inc., 2007 U.S. Dist. LEXIS 38720 (N.D. Ohio 2007)).

[14]J. Thomas Bowen Deposition, pg. 51, lns. 19-25; pg. 52,  lns. 1-10.
Q: Besides Mr. Rametta, Mr. Gilson, and Mr. Hamilton, did you actually engage anyone to conduct work with respect to The Boulders in response to any letters or claims made by Mr. Salzman?
A: As you know, Mr. Gross, we tried to get some people up there in response to your letter, but we weren't allowed to do that, so . . .
Q: And we will go through some of the correspondence about that.  I am asking you if you engaged anyone to do that.
A: We engaged Joe Rametta.  He engaged some subcontractors to go up there. But we were never able to do it.  Couldn't get access.
Q: You told me why Mr. Rametta was hired, so let me just exclude Mr. Rametta and Mr. Gilson, and we will talk about Mr. Hamilton in this deposition.
A: Okay.

[15] B.H. v. Gold Fields Mining Corp., 239 F.R.D. 652, 660 (N.D.Okla. 2005).

information, the Court concludes that, at this juncture, insufficient evidence is before it to fully resolve the issue.[16]  Specifically, despite Defendants' general representations at oral argument that Mr. Rametta will testify regarding work he did or prepared to do on the property, there is no clear or specific detail as to the substance of his testimony. Additionally, Defendants fail to clearly delineate between Mr. Rametta's roles and the character of the documents at issue.[17]  The burden to so do so remains clearly upon Defendants.[18]

While the Court is cognizant of the approaching February 1, 2010, trial date, for the reasons stated above it finds it appropriate to require Defendants, after all pre-trial motions have been fully resolved and no later than two and a half weeks before trial, to file a Final Witness List.[19]  Such list shall describe in exact detail the testimony Mr. Rametta intends to offer.  Upon review of the list should Plaintiffs still seek to assert waiver of the work-product protection, Plaintiff shall re-file their motion to compel identifying those specific documents for which they assert waiver of the protection. Thereafter, "[i]t will then be Defendants' burden to show that these documents do not

---

[16] *But see,* United States v Nobles, 422 U.S. 225, 95 S. Ct. 2160, 45 L.Ed.2d 141 (1975)(finding waiver of the privilege at the time the witness actually testified in reliance on protected information)).

[17] *See,* Oklahoma v Tyson Foods Inc., 2009 WL 1578937 (requiring, (1) a clear delineation between roles of consultant and expert; and (2) a clear distinction between information considered under each role); Beverage Marketing Corp v, Ogilvy & Mather, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983) (Dual role witness may claim work product privilege if clear delineation between roles is made)).

[18] B.H. v. Gold Fields Mining Corp., 239 F.R.D. 652, 660 (N.D.Okla. 2005).

[19] If the February 1, 2010, trial date remains, two and a half weeks prior is January 13, 2010.

relate to the witness' proposed testimony."[20]   Importantly, any ambiguity which arises shall be resolved in favor of discovery.[21]

In outlining the foregoing process, the Court regrets its inability to rule definitively upon Plaintiffs' pending motion.  In order to do so, however, the Court[22] needs Defendants to clarify:   the intended testimony of Mr. Rametta, the character of the documents which they seek to protect and a clarification as to how the protected documents are germane to the subject matter of Mr. Rametta's review as a consulting expert.  Ultimately, the goal is to allow Plaintiffs sufficient time to prepare for trial while clarifying the nature, scope and intent of Mr. Rametta's testimony and any documents related thereto.

DATED this   22nd   day of December, 2009.

BY THE COURT:

Brooke C. Wells
United States Magistrate Judge

---

[20]Id. at 661.

[21]Id.

[22]Given the timing of the outlined process and its proximity to the trial dates, consideration of the Final Witness List along with the character of the documents in light of Mr. Ramatta's testimony may be addressed by Judge Waddoups.

7