IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID SALZMAN and SONIA SALZMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>J. THOMAS BOWEN as conservator for TERRY HENDERSON,<br><br>    Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:07-CV-854 CW |

Now before the court are the following motions: the Salzmans' motion *in limine* regarding their loan documents (Dkt. No. 111); their motion *in limine* regarding settlement offers (Dkt. No. 113); and their motion to exclude an expert report (Dkt. No. 161). The court will address each in turn below.

**I.      The Salzmans' Motion to Exclude Evidence Regarding Their Loan Documents**

The Salzmans seek to preclude Mr. Henderson from using two loan documents at trial. These documents are an "Occupancy Affidavit" affirming that the Salzmans intended to occupy the Boulders as a primary residence and an "'As Is' Statement" stating that they accepted the Boulders "as is" and thus agreed to hold the mortgagee harmless.

Addressing the second document first, the fact that the Salzmans told the mortgagee that they "accept this property is in 'AS IS' condition without any reservation" is not relevant to the Salzmans' remaining claim of breach of contract or to the counterclaims. Nor is this document

arguably admissible under Federal Rule of Evidence 608, as Mr. Henderson has not established that it is conduct reflecting on the Salzmans' truthfulness. Accordingly, the Salzman's motion to exclude the "'As Is' Statement" is GRANTED.

As for the statement that the Salzmans intended to use the Boulders as their primary residence, the court RESERVES ruling on this portion of the motion. That is, the court has discretion under Rule 608 to allow the Salzmans to be cross-examined with this document, but outside the context of trial, there is not enough information to exercise this discretion in an informed manner.

## II.     The Salzmans' Motion Regarding Settlement Offers

The Salzmans seek to exclude two letters to them from Mr. Henderson's counsel to them dated February 8, 2007 and March 1, 2007. Among other things, these letter extensively discuss settlement possibilities. The Salzmans argue that these letters must be excluded under Federal Rule of Evidence 408 because they are offers to compromise. Mr. Henderson counters that though the letters are part of efforts to compromise, they also indicate his willingness to inspect the property and to perform work under the contract and would negate a finding that he unduly delayed in his contractual duties.

In its most straight forward application, Rule 408 prohibits a party to whom an offer of compromise has been made from offering the compromise to assert that the party making it must be liable. If parties could do so, no offers to compromise would ever be made. Rule 408(b), however, does allow offers of compromise to be introduced for other purposes. For example, an offer can be used to negate a contention of undue delay.

In this case, the Salzmans attempt to preclude the letters containing Mr. Henderson's offers of compromise to them. Certainly, the Salzmans cannot use Mr. Henderson's settlement proposals to argue that he acknowledged liability. Obviously, however, the Salzmans are not seeking to exclude the letters to protect Mr. Henderson from themselves. Rather, its is clear that they made this motion in an effort to preclude portions of those letters in which Mr. Henderson requests access to the Boulders to make an inspection and the instances in which he acknowledges that he will make repairs or replacements to items that he determines fall under the warranty. But Mr. Henderson could properly introduce these statements under Rule 408(b) if, for example, the Salzmans contend at trial that Mr. Henderson never asked to inspect the property or that he refused to acknowledge that any further items could possibly be covered.[1]

Accordingly, the Salzman's motion is DENIED to the extent it seeks to preemptively exclude the letters in their entirety. The court will reserve ruling on the admissibility of certain sections of the letters upon motions the parties make on that issue in the future, if any such motions are made.

### III. The Salzmans' Motion to Exclude Expert Opinions

The Salzmans move to preclude expert opinions by one of Mr. Henderson's expert witnesses, Merlin Fred Taylor. The Salzmans make three main arguments in support of this motion. First, they contend that Mr. Taylor's opinion about what other homeowner policies cover is irrelevant and inadmissible. Second, they argue that Mr. Taylor applied the wrong

---

[1] The question of whether Mr. Henderson may use these letters in his case-in-chief on his counterclaim of breach of contract against the Salzmans is an interesting one, but not one addressed by either party. Accordingly, the court will not consider it here.

standard in interpreting in contract. Finally, they argue that Mr. Taylor's opinion that their experts' estimates for additional fixes are too high is invalid because he has not come up with competing estimates.

With respect to the first argument, the court agrees with the Salzmans that any discussion of what other homeowners' warranties cover and do not cover is not material. Moreover, the court, not Mr. Taylor, is responsible for interpreting the meaning of the terms of the contract and has done so here. Accordingly, his understanding of the contract's terms, even if it is based on customs and practices of the industry, would not be helpful to the jury. Accordingly, the Salzmans' motion is GRANTED with respect to precluding Mr. Taylor to testify about other warranties.

As for the second argument, the court does not agree with the Salzmans that Mr. Taylor's use of "system failure which caused damages" as the standard for evaluating items should preclude his testimony. Instead, the stated standard under which Mr. Taylor formed his opinion goes to the weight of his opinions. This part of the motion is accordingly DENIED.

Finally, Mr. Taylor's failure to provide alterative estimates to those of Mr. Grambau is not fatal to Mr. Taylor's opinions that Mr. Grambau's estimates are too high. By way of analogy, the court believes an expert on cars could reliably say that $100,000 is too much to pay for a run-of-the mill hatchback car made in 1986. That opinion would not require the expert to specify that such a car would be worth no more than, for example, $2,000. Rather, Mr. Taylor's decision not to provide estimates would go to the weight of his opinion. This part of the motion is accordingly DENIED.

**ORDER**

For the reasons stated above, the court ORDERS as follows:

The Salzmans' motion on loan documents (Dkt. No. 111) is GRANTED in part and DEFERRED in part;

their motion to exclude settlement communications (Dkt. No. 113) is DENIED; and

their motion to exclude the expert report (Dkt. NO. 161) is GRANTED in part and DENIED in part.

SO ORDERED this 15th day of January, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge