IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID SALZMAN and SONIA SALZMAN, <br><br>　　　　　　Plaintiffs, <br><br> vs. <br><br> J. THOMAS BOWEN as conservator for TERRY HENDERSON, <br><br>　　　　　　Defendant. | ORDER and MEMORANDUM DECISION <br><br><br><br> Case No. 2:07-CV-854 CW |

Now before the court are the following motions: Mr. Henderson's motion to exclude certain discovery answers (Dkt. No. 175); his motion for sanctions for spoliation of evidence (Dkt. No. 177); and his motion to exclude a certain DVD (Dkt. No. 207), as well as the Salzmans' motion to vacate portions of the court's orders on summary judgment (Dkt. No. 219). The court will also address parties' motion to continue the trial date.

The reasons for the rulings on these motions below were stated by the court on the record for the hearings on this action held on January 22, 2010 and January 25, 2010. Below, the court summarizes the disposition of these motions and makes further comments and clarifications as appropriate.

First, Mr. Henderson's motion to exclude certain evidence to be offered in support of the Salzmans' claims for damages is GRANTED in part and DENIED in part. As stated by the court at the hearing, if an estimate for item of claimed damages was reasonably disclosed in the

Salzmans' Expert Report of Fred Grambau, F.G.C. Inc., dated February 6, 2009, (Dkt No. 95-61) (the "Expert Damage Report"), evidence supporting that claim, including documents, may be received at trial, assuming such evidence is otherwise admissible. Such evidence may include the actual costs of repair or replacement completed after the close of discovery as long as the amount of such amended claim and the supporting evidence has been disclosed to Mr. Henderson as required by the Federal Rule of Procedure requiring supplementation. On the other hand, evidence supporting an item of damages that was available at or before the time of the Expert Damage Report, but which was not disclosed in the Expert Damage Report will be excluded. Evidence supporting the Salzmans' claim for $262,972 of out of pocket expenses which was disclosed on November 27, 2009 and is independent of the claim for damages disclosed in Expert Damage Report is excluded. Mr. Henderson's discovery requests fairly required the disclosure of such a claim for damages together with the evidence to be offered to support such a claim. The Salzmans' discovery responses failed to provide sufficient detail for Mr. Henderson to prepare to defend against that claim.

Second, Mr. Henderson's motion for sanctions for spoliation of the logs removed from the decking on the house is GRANTED. As the court stated at the hearing, the destruction of the logs has prejudiced the ability of Mr. Henderson to defend against the claim for the cost of removing and replacing the decking. Without reasonable access to the removed logs and support structures, Mr. Henderson has been limited in his ability to determine whether the decks were structurally defective or suffered a material failure, whether the entire decking structure required removal and replacement as the Salzmans contend, or whether less expensive repairs of the decking structure would have met Mr. Henderson's obligations under the Warranty Agreement.

The Salzmans will be limited to presenting evidence of damages relating to the decks to which Mr. Henderson's agents admitted based upon their inspections completed prior to the Salzmans removing the deck structure.

Third, Mr. Henderson's motion to exclude the DVD is GRANTED, but with leave for the Salzmans to transcribe and submit portions of the DVD that they believe may be admissible. If the Salzmans plan to introduce any portion of the DVD, they shall supplement their pre-trial disclosures at least 45 days before trial. Mr. Henderson is granted leave to file another motion *in limine* to exclude any proposed portion not less than 30 days before trial.

The court continues to DEFER its ruling on the motion to vacate. Mr. Henderson shall submit a memorandum in opposition by February 8, 2010 and the Salzmans may reply by February 16, 2010. If the court believes a hearing will help resolve this motion, it will schedule one.

Finally, upon the motion of all parties, the trial in this matter has been CONTINUED until July 12, 2010. The court will contact the parties to schedule the final pretrial conference. The parties shall submit their final pretrial order, stipulated and proposed jury instructions, and proposed voir dire by June 28, 2010.

SO ORDERED this 27th day of January, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge