IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID SALZMAN and SONIA SALZMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>J. THOMAS BOWEN as conservator for TERRY HENDERSON,<br><br>Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br><br>Case No. 2:07-CV-854 CW |

Now before the court are the following motions: the Salzmans' motion to vacate, in part, the court's orders granting partial summary judgment (Dkt. No. 219), their motion to determine subject matter jurisdiction (Dkt. No. 249); their motion to strike the declaration of J. Thomas Bowen (Dkt. No. 264); and Shaunna Hood's motion to sever (Dkt. No. 268).[1]

The court ruled on each of these motions on the record of a May 5, 2010 hearing in this action. Below, the court summarizes the dispositions of these motions and makes further comments and clarifications as appropriate.

First, the Salzman's motion to vacate is GRANTED in part and DENIED in part. The court will not vacate the portion of its order finding that Mr. Henderson is not liable for fraud. The court shall vacate, however, the portion of its order finding that the warranty's exclusion for consequential damages *per se* precludes the Salzman's warranty claim for damages caused by

---

[1] The court also GRANTS the stipulated motion to extend briefing, Docket No. 236.

animal and insect infestations. In support of this conclusion, the court reasoned that the warranty excludes "damages that are a consequence of . . . a failure or defect." (Order of Jan. 13, 2010, Dkt. No. 211 at 13.) As pointed out by the Salzmans, however, the provision cited by the court only excludes "[s]econdary or consequential damages caused by the *failure* of any equipment structure or system covered by this Warranty." (Warranty, ¶ 3.A. (emphasis added.) Generally speaking, the court has found that a defect is a problem that was present at the time of closing, while a failure is a problem that arises after the closing. Accordingly, the court erred by ruling that the warranty excluded consequential damages stemming from defects or failures, because the plain language only excludes such damages stemming from failures.

That said, if the Salzmans can prove that the infestation problems were a structural defect or were the consequence of such a defect, they may be able to recover under the warranty for damages related to the infestations. Of course, the question of when the infestations occurred and the causes thereof are disputed. Moreover, Mr. Henderson has also argued that the Salzmans' claims for damages caused by animal and insect infestations may be barred by other exclusions in the warranty. Given the disputed nature of the facts, however, the court cannot rule on those exclusions' applicability as a matter of law: it will be a question for the finder of fact.

Next, the Salzmans' motion to determine subject matter jurisdiction is GRANTED. For the findings of fact and reasons stated on the record, the court determines that it has subject matter jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds $75,000. Relatedly, the Salzmans' motion to strike Mr. Bowen's declaration is GRANTED in part and DENIED in part. As the court explained, it only relied

upon those portions of Mr. Bowen's declarations that the court found are admissible, and the court clearly stated those portions at the hearing.

Finally, Ms. Hood's motion to sever is DENIED. In addition to the reasons for denial stated at the hearing, the court notes that if the court lacks subject matter jurisdiction in this matter, an order severing the claims against Ms. Hood would be without effect.

SO ORDERED this 6th day of May, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge